UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN Q. BROWN, | No. 2:21-cv-2187 AC P |
| Plaintiff, | |
| v. | ORDER |
| S. BERUMEN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 4. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. In addition, plaintiff will be given an opportunity to either amend the complaint or proceed on the single viable claim identified below.

I.   APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. THE COMPLAINT

Plaintiff, an inmate currently housed at California Health Care Facility ("CHCF"), names as defendants CHCF PMV Property Officer S. Berumen and CHCF's Office of Grievances Appeals / Grievance Coordinator ("Grievance Coordinator"). ECF No. 1 at 1-2. The complaint alleges in sum as follows.

Plaintiff was transferred from California State Prison – Sacramento ("CSP-Sacramento") to CHCF in 2021. ECF No. 1 at 5. On arrival he submitted an informal request for his personal property, but the request was ignored. Id. In August 2021, plaintiff filed a grievance regarding the missing property. Id. The grievance was assigned to the Grievance Coordinator. ECF No. 1 at 6. Eventually, one box of plaintiff's property was located.[1] On October 25, 2021, Officer Berumen – who was responsible for protecting and keeping plaintiff's property safe – delivered the property box together with a quarterly package. ECF No. 1 at 6-8. After looking through the box, plaintiff realized that some of his property was missing. Id. at 7.

When plaintiff told Officer Berumen that some of his property was missing from the box and that his CD player was broken, she became "upset and vindictive" because plaintiff had filed request for interview forms as well as grievances asking for his personal property, and because Berumen's supervisor had asked her about the grievance plaintiff had filed. See ECF No. 1 at 7-8, 10. In response to plaintiff's inquiry about the missing items, Berumen stated, "You think [you're] special having people call me about your property." Id. at 7 (brackets added). Officer Berumen then began to confiscate property that was in plaintiff's quarterly package. Id. When plaintiff asked Berumen why she was being so mean and was taking things out of a box of approved property, she responded, "Because [you're] special!" Id. (brackets added).

The complaint presents two putative causes of action. The first claims that Officer Berumen violated plaintiff's First Amendment right to be free from retaliation when she took items from his quarterly package in response to his filing of a grievance about his lost property. Id. at 10-11. This claim also asserts violation of plaintiff's First Amendment right to access the

---

[1] Plaintiff had listed missing property on his CDCR form 1083 that "equated more than one box." ECF No. 1 at 6.

3

courts, on the basis that he had an active case pending at the time his property was missing and the deprivation prevented him from pursuing litigation. Id. The second cause of action claims violation of plaintiff's rights under the Fourth and Fourteenth Amendments. Id. at 11-12. Plaintiff asserts that (1) the loss or destruction of his property on transfer violated his protected property interest in his belongings, and (2) the search of his quarterly package constituted an illegal search and seizure. Id.

IV. DISCUSSION

A. Claim for Which a Response Will Be Required

Claim One adequately states a First Amendment retaliation claim against Officer Berumen. Retaliation against prisoners for the exercise of their First Amendment right to file grievances is itself a constitutional violation. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005). To state a claim, a plaintiff must plead facts showing that (1) a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Allegation of a concrete harm from the retaliatory conduct will satisfy the "chilling" requirement. Id. at 568, n.11. These elements are satisfied by the allegations that Officer Berumen, while expressing hostility toward plaintiff for filing grievances, took permitted property from his quarterly package. Defendant Berumen will be required to respond to this claim.

B. Failure to State a Claim

1. Claim One: Access to Courts

It is unclear whether plaintiff's allegations regarding the inability to pursue litigation are presented as an independent ground for relief, or are offered as factual support related to his retaliation claim.[2] Inmates have a fundamental constitutional right of access to the courts in

---

[2] The court notes that the alleged retaliation involves the quarterly package, not the lost property. There are no facts indicating that the missing property was withheld in retaliation for protected conduct.

4

criminal, habeas, and civil rights matters.  See Lewis v. Casey, 518 U.S. 343, 346, 354 (1996).  To state a claim, a prisoner must establish that he suffered an actual injury, such as being prevented from meeting a filing deadline or presenting a claim in a pending case.  Id. at 348-49; see also Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1994) (plaintiff must allege that he "could not present a claim to the courts because of the state's failure to fulfill its constitutional obligations").  The claim at issue must be a "nonfrivolous legal claim."  Lewis, 518 U.S. at 353.

Here, plaintiff has not identified the pending litigation that was impaired by the loss of his property.  Absent facts demonstrating the pendency of a nonfrivolous appellate, habeas or civil rights claim, and specific facts showing that plaintiff missed a deadline or was otherwise precented from presenting that claim to the courts because of defendants' actions, no claim for relief is stated.

        2.  Claim Two

The complaint's second cause of action fails to state a claim against either defendant.  As to the property box, plaintiff's factual allegations demonstrate nothing more than possible negligence in the handling of his property, and negligent deprivations of property do not violate due process as a matter of law.  Daniels v. Williams, 474 U.S. 327, 328 (1986).  Even the intentional and unauthorized deprivation of property does not violate due process if a meaningful post-deprivation remedy for the loss is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  And whether negligent or intentional, the state's act of depriving an inmate of his property is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy.  Palmer, 468 U.S. at 533; Blueford v. Prunty, 108 F.3d, 251, 256 (1997) (citing Palmer).

No facts in the complaint suggest that the loss and/or damage of plaintiff's property was intentional.  Nor does the complaint state facts showing the unavailability of a post-deprivation remedy.  The Ninth Circuit has held that California law provides an adequate post-deprivation remedy for property deprivations in the prison context.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895).  Absent a showing that this remedy was somehow unavailable to plaintiff, he cannot state a claim.  Moreover, as for the deprivation of items taken from the quarterly package, the conclusory allegation that the

unspecified items were "approved" is not enough to show that their seizure was unauthorized. The complaint does not identify the items taken or demonstrate that they were improperly taken. The taking of property that an inmate was not permitted to have, whether contraband or due to classification or for other penological reason, does not support a freestanding claim for relief. See Barnett, 31 F. 3d at 816-17.

As for plaintiff's Fourth Amendment theory regarding the search and seizure of his quarterly package, it is well established that incarcerated persons have no reasonable expectation of privacy and thus no property interests protected by the Fourth Amendment. Palmer, 468 U.S. at 525-26; Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996).

For all these reasons, plaintiff's second cause of action does not state a claim and is not suitable for service.

## V. OPTIONAL LEAVE TO AMEND

The complaint states a cognizable First Amendment retaliation claim against Officer Berumen. Plaintiff may choose to proceed on that claim alone, or he may choose to amend the complaint. Plaintiff will be required to inform the court of his decision by filling out the attached notice on how to proceed form. He shall have fourteen days to do so.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. See generally Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.     PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The only claim in the complaint that is appropriate to serve is your First Amendment retaliation claim (Claim One) against Officer Berumen.  Officer Berumen may be served right away if you want to proceed against her only.

The complaint does not state any other claim for relief.  The facts you have provided do show that the Grievance Officer violated your rights in any way, or that your right to access the court was violated.  If you want to bring an access to court claim, you have to explain what nonfrivolous legal claim you were trying to litigate at the time, and how defendants' specific actions prevented you from doing so by causing you to miss a particular deadline or otherwise.  As for the treatment of your property, including the quarterly package, an incarcerated person cannot sue for an illegal search or seizure because inmates do not have a protected privacy interest in their cells or personal property.  And you cannot bring a due process claim for loss or damage to property unless you were prevented from seeking compensation or replacement under the procedures provided by California law.  If you try to amend the due process claim, you should specify the items you lost (both from your property box and those taken from your quarterly package), show why there was no legitimate reason to take them from you, and provide facts showing that you were prevented from seeking a remedy under California law.

You have a choice to make.  You may choose to proceed only on Claim One against Officer Berumen, or you may choose to amend the complaint.  If you amend the complaint, in order to state claims against the Grievance Coordinator or any other individual, you must provide specific facts showing how each of them violated your constitutional rights.

You will be given fourteen days to let the court know what you want to do.  Fill out and return the attached notice form to the court within that period.  Otherwise, the court will

////

recommend that your action proceed solely on your First Amendment retaliation claim against Officer Berumen.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The court has screened the complaint and finds that it states a claim for relief against defendant S. Berumen for retaliation in violation of plaintiff's First Amendment rights and that it does not state any other claim against any other defendant.

4. Plaintiff has the options of (1) proceeding immediately on his First Amendment retaliation claim (Claim One) against defendant Berumen only, or (2) amending the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the complaint as screened or file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of Claim Two as well as of all defendants other than S. Berumen.

DATED: May 17, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN Q. BROWN,<br><br>       Plaintiff,<br><br>   v.<br><br>S. BERUMEN, et al.,<br><br>       Defendants. | No.  2:21-cv-2187 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

   CHECK ONE:

_____ Plaintiff would like to proceed immediately on his First Amendment retaliation claim against defendant S. Berumen.  Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing defendant Grievance Coordinator and any other potential defendants and claims from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____ Plaintiff would like to amend the complaint.

DATED: _____

                                                              _____
                                                              JONATHAN Q. BROWN
                                                              Plaintiff Pro Se